19-3319-cr
*United States v. Kamali*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty.

PRESENT:    DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
            MICHAEL H. PARK,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

            -v-                                        19-3319-cr

MOHAMMADREZA KAMALI, AKA REZA,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:              LAUREN C. CLARK, Assistant United States
                           Attorney (Sandra S. Glover, Assistant United
                           States Attorney, *on the brief*), *for* John H.
                           Durham, United States Attorney for the

District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT: TRACY HAYES, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Mohammadreza Kamali appeals from the district court's judgment, entered October 9, 2019, convicting him of one count of dealing in firearms without a license and sentencing him principally to eighteen months' imprisonment and a term of three years of supervised release. On appeal, Kamali argues that the district court's sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

On October 18 and 25, 2018, Kamali, who was not licensed to deal or manufacture firearms, sold to an uncover officer a Glock receiver and three firearms without serial numbers that Kamali had assembled from parts that he purchased over the internet.[1] During the October 25 transaction, the undercover stated that he was a

---

[1]     These facts are taken from the parties' stipulation of offense and relevant conduct and the presentence report (the "PSR").

2

felon who had been convicted following a fight with his girlfriend, and thus he could not legally buy a gun. During the same conversation, Kamali explained to the officer that he tested the guns by shooting them in the woods behind his house, and although the woods were within a "town zone" where shooting was prohibited, he still fired guns there "all the time." On November 2, 2018, Kamali sold to the undercover officer a .300 Blackout caliber firearm (the "Blackout") along with six firearms magazines and a vertical forward grip. That same day, Kamali was arrested, and officers executed a search warrant at Kamali's house, where they found another firearm as well as numerous other gun parts.

Prior to his arrest, Kamali had no criminal history, but from eighth grade through his senior year of high school, he received at least seventy-eight disciplinary actions in school, resulting in several suspensions. The record reveals other efforts by Kamali to sell firearms, including through social media.

"We review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). We apply a "deferential abuse-of-discretion standard" to both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the . . . Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a

3

sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). In analyzing the substantive reasonableness of a sentence, this Court "will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation and internal quotation marks omitted).

The parties primarily dispute whether the district court erred in calculating Kamali's base offense level to be 18, with a Guidelines range of 24 to 30 months of imprisonment, after determining that the Blackout was a rifle under the National Firearms Act (the "NFA"), 26 U.S.C. § 5845(a)(3). Kamali argues that his base offense level should have been 12, with a Guidelines range of 10 to 16 months of imprisonment, because the Blackout was not a rifle as defined under the NFA. We need not reach that issue, because even assuming the district court erred in calculating Kamali's base offense level, any such error was harmless.

"Preserved errors in calculating the Guidelines are subject to harmless error review." *United States v. Brown*, 945 F.3d 72, 75 (2d Cir. 2019). On this issue, the Supreme Court has held:

> There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. The sentencing process is particular to each defendant, of course, and a reviewing court must

4

consider the facts and circumstances of the case before it. The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range. Judges may find that some cases merit a detailed explanation of the reasons the selected sentence is appropriate. And that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines. The Government remains free to point to parts of the record -- including relevant statements by the judge -- to counter any ostensible showing of prejudice the defendant may make.

*Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016) (citations, internal quotation marks, and alteration omitted). As noted above, we assume without deciding that this case presents one of those instances.

The district court explained on the record that it thought "a lot" about what Kamali's sentence would be had his base offense level been 12, as he argued it should have been. The district court engaged in this analysis because it was aware that the law in this Circuit is unsettled regarding what the Government was required to prove to establish that the Blackout was "intended to be fired from the shoulder." The district court concluded that even if Kamali's base offense level was 12, it would still sentence him to eighteen months' imprisonment. The district court acknowledged that the sentence would have been an upward departure, but it also observed that such a departure would have been appropriate considering "the circumstances under which [Kamali] made and sold [firearms and] the number that he sold." We agree.

5

Those circumstances included the sale of multiple "ghost" guns to an individual who Kamali believed to be a convicted felon who could not legally buy a gun. Further, Kamali boasted to the undercover officer, to friends, and on social media about his ability and willingness to break the law by, among other things, building guns without serial numbers and recklessly firing guns in a town zone. Finally, while Kamali did not have a criminal record and was only eighteen years old at the time, he had a lengthy school-disciplinary record, and at least seventy-eight disciplinary actions taken against him between eighth and twelfth grade. The district court's imposition of an eighteen-month term of imprisonment, amounting to only a two-month upward departure even if Kamali's suggested Guidelines calculations were used, is reasonable.

Accordingly, even if the district court erred in its Guidelines calculation, that error would be harmless and would not be ground for reversal. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (where a district court recognizes that the applicability of an enhancement is "by no means clear, and invit[es] appellate review and action on an unsettled question of law," and also "unequivocally state[s] that it would impose the same . . . sentence on [defendant] however the issue of . . . enhancement ultimately works out on appeal . . . we can confidently conclude that the district court's application of [the enhancement] constitutes harmless sentencing error" (alterations omitted)).

\* \* \*

We have considered Kamali's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk